**The document below is hereby signed.**

**Dated: November 21, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
DOUGLAS CARL VILO,            )    Case No. 12-00639
                              )    (Chapter 7)
              Debtor.         )    Not for publication in
                              )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE
MOTION FOR LEAVE TO FILE APPEAL OUT OF TIME

The debtor filed his petition commencing this case on September 21, 2012. The debtor failed to file the mailing matrix (serving as a list of creditors) that was required to be filed with the petition. Without the mailing matrix, the clerk was unable to give creditors notice of the meeting of creditors that was set for October 25, 2012. The court entered an order on September 24, 2012, directing the debtor to file a mailing matrix and giving him until October 8, 2012, to show cause why the case ought not be dismissed if he failed to file a mailing matrix. The debtor never filed a mailing matrix.

The court dismissed the case by an order entered on October 11, 2012, for failure to file a mailing matrix. The time to appeal that order expired on October 25, 2012. The debtor, who

alleges he was in Chicago from September 23, 2012, until November 5, 2012, filed a motion on November 15, 2012, for enlargement of the time to appeal.

The court can grant such a motion based on excusable neglect, but the debtor's motion fails to allege facts establishing excusable neglect.  The debtor was obligated to keep himself apprised of orders and notices entered in the case.  For example, a debtor is required to appear at the meeting of creditors that was required to be held no later than October 31, 2012.  Fed. R. Bankr. P. 2003.  The debtor should have been checking with the court regarding the date of that meeting, and otherwise keeping himself apprised of the bankruptcy case.  Even though he was in Chicago from September 23, 2012, until November 5, 2012, he was obligated to take steps to keep himself apprised of the bankruptcy case, and it was reasonably within his control to take steps to keep himself apprised of the case.  He does not allege that he tried to contact the clerk's office to ascertain the status of the case, or that he made arrangements with someone in Washington, D.C. to check on the status of the case. Moreover, he filed nothing with the court to alert the trustee and the court that he was out of town.  Even if he in good faith thought he was proceeding appropriately, that does not outweigh his lack of reasonable diligence.  Allowing the debtor to file a late notice of appeal would prejudice creditors (who justifiably

are entitled not to have a bankruptcy case prolonged by lack of diligence on the part of the debtor).  The delay of 21 days after the deadline for appealing expired is 21 days of additional delay in the case that are attributable to the debtor's lack of diligence.  For all of those reasons, the debtor's motion must be denied.

Allowing an appeal, moreover, would gain the debtor nothing. First, his motion has not pointed to any error in the court's dismissing the case.  Obviously a bankruptcy court must be able to dismiss a case when a debtor fails to file a mailing matrix (serving as a list of creditors) that is necessary to enable the clerk to give creditors notice of the case, and when the debtor then fails promptly to correct that omission when alerted by the clerk of the omission via notice to the debtor's address of record.  Second, if there was any error, the case would be subject to dismissal anyway, under the automatic dismissal provisions of 11 U.S.C. § 521(i), because the debtor has failed to file a list of creditors and a statement of financial affairs within 45 days after the commencement of the case.  Third, the debtor is free to file another bankruptcy case as the dismissal

was not with prejudice.[1]

The lack of prejudice to the debtor by reason of the court's denying an enlargement of time to appeal is another factor that weighs in favor of denying the requested enlargement. Granting an enlargement of time to appeal would subject the bankruptcy court clerk, the district court clerk, and the district court itself to expenditures of time disposing of an appeal that has pointed to no error in the order being appealed. That prejudice to the court system also weighs in favor of denying the requested enlargement.

An order follows.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

---

[1] Although 11 U.S.C. § 362(c)(3) or 362(c)(4) may impose on the debtor time-sensitive steps he must take to have the benefit of the automatic stay in a new case, that is a relatively small price to pay for the privilege of seeking bankruptcy relief anew after having failed miserably to prosecute the instant case with diligence.

4

R:\Common\TeelRM\Judge Teel Docs\Vilo (Douglas) Mem Decon re Mtn to Enlarge Time to Appeal.wpd